IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD LEE MACK,                )
                                 )
    Plaintiff,               )
                                 )
  -vs-                           )   Civil Action No. 15-688
                                 )
CAROLYN W. COLVIN,               )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
    Defendant.               )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11, 13 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits (DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since January 1, 2005. (ECF No. 6-6, p. 2). Administrative Law Judge ("ALJ"), Brian W. Wood, held a hearing on January 15, 2013. (ECF No. 6-2, pp. 29-64). On August 30 , 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 13-24).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

      **B.**      <u>**Opinion of Treating Physician and Examining Physicians**</u>

Plaintiff first argues that the ALJ erred by improperly disregarding the medical opinion of his treating physicians and the examining physician. (ECF No. 11, pp. 17-33; No. 14, pp. 1-24). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a

3

whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff first argues that the ALJ "completely failed to address the report of Dr. Donatelli and misinterpreted the report." (ECF No. 11, p. 20). After a review of the record, I disagree. The report of Dr. Donatelli is a one page narrative. *Id.* The ALJ succinctly addressed Dr. Donatelli's report. (ECF No. 6-2, p. 19). Thus, the ALJ did not "completely fail to address the report of Dr. Donatelli" as Plaintiff suggests. Furthermore, I find there is substantial evidence of record to support the ALJ's summary of the one-page, one-paragraph narrative of Dr. Donatelli. *Id;* ECF No. 6-8, p. 16. Contrary to Plaintiff's assertion, I find no evidence that the ALJ misinterpreted the report. An ALJ need not discuss every tidbit of every record. *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004. In this case, the ALJ cited to the record referred to by Plaintiff. (ECF No. 6-2, p. 19). Thus, I find no merit to this suggestion.

Plaintiff next takes issue with the ALJ's summary of Dr. Hasselman's report. (ECF No. 11, pp. 20-21). After a review of the same, I find the ALJ did not err in summarizing Dr. Hasselman's assessment when he noted that Plaintiff's "arthritis in his ankle worsened over the past 10 years and that the claimant returned for treatment in August of 2012, as he could no

4

longer live with his worsening pain (Exhibit 8F)." (ECF No. 6-2, p. 20). There is substantial evidence of record to support the same. (ECF No. 6-10, p. 37). Thus, I find no merit to this claim.

Finally, with regard to Dr. Mustovic, Plaintiff suggests that the ALJ failed to make a "comment as to why he believed her report would support his residual functional capacity." (ECF No. 11, p. 21). After a review of the record, I disagree. The ALJ clearly and properly summarized Dr. Mustovic's report. (ECF No. 6-2, p. 19). Furthermore, the ALJ's summary is supported by substantial evidence. (ECF No. 6-11, pp. 2-7). Therefore, I find no merit to this suggestion either.[1]

### C.     Residual Functional Capacity ("RFC") [2]

Plaintiff next argues that the ALJ improperly determined his RFC. (ECF No. 11, pp. 22-25; No. 14, pp. 24-29). In support thereof, Plaintiff submits that there is substantial evidence to support that he is not able to physically or mentally do the work set forth in the ALJ's RFC finding.[3] *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

At the end of his argument, Plaintiff suggests that the ALJ failed to rely on medical evidence in determining his RFC. (ECF No. 11, p. 25). After a review of the record, I disagree. While I acknowledge that "[r]arely can a decision be made regarding a claimant's [RFC] without

---

[1] I note that the ALJ considered the records of Drs. Donatelli and Hasselman, even though they preceded Plaintiff's alleged onset date of January of 2005 by years, and Dr. Mustovic's report, even though his report postdated when Plaintiff was last insured by approximately six years.

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3] The ALJ found Plaintiff has the RFC to perform light work with the following exceptions. (ECF No. 6-2, p. 18).

5

an assessment from a physician regarding the functional abilities of the claimant," *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986), it is not a requirement. *Cummings v. Colvin,* No. 14-cv-251, 2015 WL 4092321, *6 (W.D. Pa. July 7, 2015). I find that this is such a case. The ALJ is charged with formulating the RFC based on **all** of the relevant evidence including, not only the medical evidence, but also a plaintiff's testimony and his work history. 20 C.F.R. § 404.1545(a). The ALJ in the case did just that. (ECF No. 6-2, pp, 13-24). As to the relevant period, the ALJ found there was very minimal evidence and discussed the same. *Id.* at p. 21. As he pointed out, the state agency doctors even noted that they reviewed all of the records and there was insufficient information to substantiate the presence of a disorder. (ECF No. 6-2, p. 21; No. 6-3, pp. 2-6). Additionally, the ALJ considered Plaintiff's testimony (finding him not entirely credible), his course of treatment and his work history. (ECF No. 6-2, p. 21-22). The ALJ's RFC generously accounted for the limitations established by the evidence of record and was supported by substantial evidence. (ECF No. 6-2, pp. 18-22). Thus, I find the ALJ did not error in formulating Plaintiff's RFC.[4]

### D. <u>Vocational Expert</u>

Plaintiff next argues that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 11, pp. 25-27; No. 14, pp. 29-31). I disagree. An ALJ is required to accept only that testimony from the vocational

---

[4] In his Reply Brief, Plaintiff also suggests, without more, that because the ALJ found Plaintiff had certain severe impairments (carpal tunnel syndrome and depression), he was required to make an accommodation for that impairment in his RFC. (ECF No. 14, pp. 27-28). "[S]uch a presumption would conflict with the regulatory scheme for determining whether a claimant is disabled, under which the determination of whether a claimant is severely impaired precedes a separate determination of whether the claimant, despite his severe impairment, retains the [residual functional capacity] to perform substantial gainful activity." *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Thus, just because an impairment is found to be severe does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC."). In this case, the ALJ considered Plaintiff's carpal tunnel syndrome and depression in his discussion of the RFC. (ECF No. 6-2, pp. 18-20). Thus, absent further argument from Plaintiff, I find this conclusory statement does not warrant further consideration.

expert which accurately reflects a plaintiff's impairments. See, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 6-2, pp. 13-24). Consequently, I find no error in this regard.

### E. Plaintiff's Complaints of Pain

Lastly, Plaintiff argues that the ALJ erred by improperly evaluating his complaints of pain and discrediting those complaints. (ECF No. 11, pp. 27-30; No. 14, pp. 31-34). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. Id. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981); Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974), cert. denied, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 6-2, pp. 13-24). And, contrary to Plaintiff's argument otherwise, the ALJ properly considered Plaintiff's part-time work while considering his credibility. Smith v. Colvin, No. CIV.A. 14-1030, 2015 WL 2238425, at *2 (W.D. Pa. May 12, 2015) ("'Even if the work done [by a claimant] was not substantial gainful activity, it may show that [he is] able to do more work than [he] actually did.'"); 20 C.F.R. § 404.1571. Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §404.1529 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision

to find Plaintiff not entirely credible. (ECF No. 6-2, pp. 13-24). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.[5]

An appropriate order shall follow.

---

[5] In support of this argument, Plaintiff suggests there is evidence to show Plaintiff was credible. (ECF No. 11, pp. 29-30). Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD LEE MACK, )
 )
      Plaintiff, )
 )
-vs- ) Civil Action No. 15-688
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 14th day of October, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                            BY THE COURT:

                            s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge